IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JUSTIN MELANI,  No. 3:17-cv-01177-AC

            Plaintiff,  ORDER

   v.

CHIPOTLE SERVICES, LLC,

            Defendant.

Eric D. Wilson
Eric Wilson, P.C.
1 SW Columbia Street, Suite 1850
Portland, OR 97258

    Attorneys for Plaintiff

Allison J. Dodd
Dara N. Keller
Messner Reeves LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202

Christie Totten
Jenna Leigh Mooney
Wm. Brent Hamilton, Jr.

1 - ORDER

Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5630

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation on September 4, 2019, in which he recommends that the Court grant Defendant's motion for summary judgment. Plaintiff timely filed objections to the Findings and Recommendation. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to the Findings and Recommendation because he argues that he has produced enough evidence to create a genuine issue of material fact that precludes summary judgment on each of his claims. Objections to F&R, ECF 85. The Court carefully considered Plaintiff's objections and concludes that the objections do not provide a basis to modify the recommendation that this Court grant summary judgment to Defendant on Plaintiff's claims that Defendant: (1) failed to provide reasonable accommodations or engage in the interactive process under Or. Rev. Stat. ("O.R.S.") § 659A.112 *et seq.*; (2) engaged in interference, denial, and retaliation in violation of Plaintiff's rights under the Oregon Family Leave Act ("OFLA"), O.R.S. § 659A.183; and (3) wrongfully discharged Plaintiff in retaliation for invoking his rights under the OFLA. The Court adopts the Magistrate Judge's recommendation to grant Defendant summary judgment on those claims.

The Court declines to adopt the Magistrate Judge's recommendation to grant Defendant summary judgment on Plaintiff's disability discrimination claim under O.R.S. § 659A.112 and Plaintiff's retaliation claim under O.R.S. § 659A.109. The facts are described in detail in the Magistrate Judge's Findings & Recommendation and are not recited here except as relevant to the Court's analysis.

I. **Disability Discrimination Claim**

The Court agrees with the Magistrate Judge's application of the *McDonnell Douglas* burden-shifting analysis and his conclusion that Plaintiff produced sufficient evidence to make a prima facie case of disability discrimination. The Court also agrees with the Magistrate Judge's conclusion that Defendant asserted legitimate, non-discriminatory reasons for its decision to terminate Plaintiff. The Court disagrees, however, with the Magistrate Judge's conclusion that, viewing the evidence in the light most favorable to Plaintiff, Plaintiff failed to produce evidence demonstrating that the reasons proffered by Defendant for terminating Plaintiff were pretext for discrimination sufficient to create a genuine issue of material fact for trial.

A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *T.B. ex rel Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). In a discrimination case, very little evidence is required to defeat summary judgment because "the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record." *Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1564 (9th Cir. 1994).

When viewed in the light most favorable to Plaintiff, a reasonable jury could find that the reasons Defendant asserted for terminating Plaintiff were pretext for discrimination. Although problems with Plaintiff's performance occurred before April 2016, one reasonable interpretation

3 - ORDER

of the evidence is that just before Plaintiff was terminated his performance was improving and Defendant did not intend to fire him until he took several days of leave due to the symptoms of his Irritable Bowel Syndrome ("IBS"). At a meeting with Plaintiff on April 15, 2016, Plaintiff's last day of work before he was terminated, Plaintiff's supervisor, Stephen Short, praised Plaintiff's progress. Short told Plaintiff that both his personal performance and the performance of the Clackamas restaurant had improved, and Short set new performance goals for Plaintiff and the Clackamas restaurant. From those facts, a jury could reasonably infer that Short was not planning to terminate Plaintiff at that time. Plaintiff then missed several consecutive days of work due to a combination of his illness and Defendant's three-day exclusion rule[1], up to and including the day that Defendant terminated him.

Short engaged in a text message exchange with his superior, Higel, on April 23, 2016, in which Short told Higel that he may suspend Plaintiff. Higel responded by asking, "Why? What changed?" Keller Decl. Ex. 2 at 30, ECF No. 72-1 at 93. Short replied, "This week changed." *Id.* But Plaintiff was out of work due to his medical issues the entire week before that. Short explained to Higel that he suspended Plaintiff because of Plaintiff's failure to communicate with his team, complete one-on-one meetings with employees, and the Clackamas restaurant's recent poor food audit score. *Id.* at 31. Higel replied, "That's a change. Last recap you gave me he was following you[r] plan. Too much you but he was following your leadership." *Id.* at 29.

Plaintiff provided a doctor's note concerning his IBS to Short on April 25, 2016, which Short forwarded to SSR the next day with a message that advised SSR that Plaintiff's IBS

---

[1] Defendant's three-day exclusion rule was aimed at reducing contamination of food with food-borne illnesses. However, in response to SSR's instruction that he needed to provide a note confirming that he has a medical condition that sometimes causes vomiting but that he is "fine to work handling food in a restaurant," Plaintiff had provided a note to the Safety, Security and Risk Department ("SSR") on February 8, 2016, that said that he has "the medical condition of irritable bowel syndrome, which is not contagious." Pl. Decl. Ex. 4, ECF 53-4.

appeared to be a long-term condition and that Plaintiff needed help to determine what he needed to do to return to work. Pl. Decl. Ex. 10, ECF 53-10. Short terminated Plaintiff within hours of sending that email to SSR. Thus, a reasonable jury could infer that Plaintiff's performance had improved and, but for his illness, Defendant would not have terminated his employment.

When conflicting inferences can be drawn from the same facts, summary judgment is inappropriate. *EEOC v. Swift Transp. Co.*, 45 F. Supp. 2d 1036, 1038 (D. Or. 1999) (citing *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981). A reasonable jury could infer both from the timing of Plaintiff's termination and Higel's surprise that Short planned to suspend Plaintiff on April 23, 2016, that Defendant terminated Plaintiff because of his disability. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008) (timing alone can support an inference of causation) (citations omitted). Because a reasonable jury could conclude that the reasons advanced by Defendant for terminating Plaintiff were pretext for discrimination and return a verdict in Plaintiff's favor, there is a genuine issue of material fact that precludes summary judgment. *T.B. ex rel. Brenneise*, 806 F.3d at 473.

## II. Retaliation under O.R.S. § 659A.109

O.R.S. § 659A.109 protects employees from retaliation for invoking or utilizing the procedures in O.R.S. §§ 659A.100-659A.145. To prevail on a claim for retaliation under O.R.S. § 659A.109, Plaintiff must show that (1) he invoked one or more rights under the Oregon Rehabilitation Act, and (2) he "suffered an adverse employment action motivated in substantial part by the Plaintiff's invocation of such rights." *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1140 (D. Or. 2013) (internal citations and quotation marks omitted). The Magistrate Judge found that although it was a close call whether Plaintiff had engaged in protected activity, assuming he had, no reasonable jury could conclude that Defendant retaliated against Plaintiff

for invoking his rights under those statutes. The Magistrate Judge's conclusion on Plaintiff's retaliation claim was based on his earlier conclusion regarding Plaintiff's disability discrimination claim that no reasonable jury could conclude that Defendant terminated Plaintiff because of his IBS. Because the Court finds that a reasonable jury could conclude that Defendant terminated Plaintiff because of his IBS, as explained above, Defendant's motion for summary judgment on Plaintiff's retaliation claim under O.R.S. § 659A.109 also should be denied.

The Court also reviewed the pertinent portions of the record *de novo* and finds no error in the remainder of the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Acosta's Findings and Recommendation [80]. Defendant's motion for summary judgment [40] is GRANTED IN PART. Plaintiff's reasonable accommodation claim and claims under the OFLA are DISMISSED. The Court DENIES Defendant's motion for summary judgment on Plaintiff's disability discrimination claim under O.R.S. § 659A.112 and his retaliation claim under O.R.S. § 659A.109.

IT IS SO ORDERED.

DATED:    January 21, 2020   .

                                           MARCO A. HERNÁNDEZ
                                           United States District Judge